**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUN 30 2023

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASWINDER SINGH DHINDSA, | No. 21-1121 |
| Petitioner, | Agency No. A087-845-161 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 28, 2023[**]
Pasadena, California

Before: N.R. SMITH, LEE, and VANDYKE, Circuit Judges.

Petitioner seeks review of a Board of Immigration Appeals's (BIA) decision dismissing his appeal from an Immigration Judge's (IJ) decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition. We assume familiarity with the underlying facts and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

arguments in this appeal.

We review factual findings underpinning the denial of asylum, withholding of removal, and protection under the CAT under the deferential "substantial evidence" standard. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992); 8 U.S.C. § 1252(b)(4)(B). To reverse the BIA's finding under substantial evidence review, we "must find that the evidence not only *supports* [a contrary] conclusion, but *compels* it." *Elias-Zacarias*, 502 U.S. at 481 n.1.

*First*, the agency did not err in determining that Petitioner did not suffer past persecution. This court's decisions support the agency's determination that a single incident of detention and physical harm from which Petitioner suffered bruises and abrasions, and no other injuries, did not constitute persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1063–64 (9th Cir. 2021); *Gu v. Gonzalez*, 454 F.3d 1014, 1018–21 (9th Cir. 2006).

*Second*, the record does not compel the conclusion that Petitioner has a well-founded fear of future persecution. Petitioner now argues for the first time and without evidence that the police who took bribes for his release in 2008 would persecute him out of fear that he would report them. But not only is that unexhausted argument not properly before this court, 8 U.S.C. § 1252(d)(1), Petitioner has ultimately not presented "objectively reasonable" evidence that the Indian government is in fact still interested in him after his encounter over a decade ago in 2008. *See Lanza v. Ashcroft*, 389 F.3d 917, 923, 934–35 (9th Cir. 2004). The harm he suffered was long ago, the role Petitioner played in the Mann

party was admittedly minor, and country conditions evidence in the record does not support a well-founded fear of future persecution. And although Petitioner has argued that he would be easy to find through his tax filings in India, he has not presented evidence compelling the conclusion that, as a Sikh or member of the Mann party, he will in fact be targeted in the future. Because Petitioner failed to establish his eligibility for asylum by showing a well-founded fear of future persecution, he necessarily failed to establish his eligibility for relief under the more stringent standard for withholding of removal that requires showing a clear probability of such persecution. *See INS v. Cardoza-Fonseca*, 480 U.S. 421, 449 (1987); *Fisher v. INS*, 79 F.3d 955, 960–61 (9th Cir. 1996) (en banc).

*Third*, Petitioner's CAT claim fails. Petitioner has not shown past persecution, and "[t]he lack of past persecution, a lesser harm than torture, necessarily encompasses a lack of past torture." *See Rivera Vega v. Garland*, 39 F.4th 1146, 1158 (9th Cir. 2022). Petitioner also fails to show that he would be unable to safely relocate within India. 8 C.F.R. § 1208.16(c)(3)(i)–(ii).

**PETITION DENIED.**

3